UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT J. KELLEHER, III,
  plaintiff,

v.

LEO C. ARNONE, ET AL.
  defendant.

PRISONER
CASE NO. 3:11-cv-1914(AVC)

## RULING AND ORDER

The plaintiff, currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983. The plaintiff sues Commissioner Leo C. Arnone, Warden Jose Feliciano, Dr. Immordino, Dr. Elderkin, Nurses Renee and Lisa and Medical Administrator Virginia Turner.

The plaintiff paid the filing fee to commence this action. The plaintiff has also filed a motion for preliminary injunction and a motion for default.

### I.  Motions for Default

The plaintiff seeks to default the defendants for failure to respond to the complaint. There is no evidence, however, that the complaint has been served on the defendants. Thus, the motions for default are denied.

### II.  Motion for Preliminary Injunction

The plaintiff seeks injunctive relief from all of the defendants relating to his medical care and medical records at New Haven Correctional Center. The second circuit has held that

an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) (recognizing that "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement).

The plaintiff has now been sentenced and is incarcerated at Carl Robinson Correctional Institution. Thus, his motion for injunctive relief regarding his confinement and medical treatment at New Haven Correctional Center is moot and is denied.

### III. Complaint

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. This requirement applies both

where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

In April 2011, the plaintiff was incarcerated at New Haven Correctional Center. The plaintiff explained to a physician that

3

he suffered from degenerative disc disease, four ruptured discs and an injury to the lumbar disc. The plaintiff signed a release to permit the physician to obtain prior medical records and MRI results. The physician prescribed pain medication and a bottom bunk pass.

In late April 2011, the plaintiff developed a fungal or bacterial infection on his right heel. In mid-May 2011, Nurse Renee examined the plaintiff. The plaintiff informed Nurse Renee that he had been forced to sleep on a top bunk and that he had not received any pain medication. After this visit, the plaintiff was moved to a bottom bunk, but he still did not receive any pain medication.

From mid-May to late August 2011, defendants Nurses Renee and Lisa failed to provide the plaintiff with medical care for his back pain and his heal infection. In late August 2011, Nurse Renee provided the plaintiff with ointment for his heel infection and the plaintiff began taking a stronger medication for his back pain.

In late September 2011, Dr. Elderkin examined the plaintiff. He prescribed an antibiotic and ointment to treat the skin condition on the plaintiff's heel. The medication was discontinued after a short period of time. The infection on the plaintiff's heel continued to spread.

The plaintiff made Warden Feliciano aware in writing and verbally about the denial of medical care for his back pain and

skin condition. The Warden failed to take any action in response to this information. The plaintiff seeks monetary damages and declaratory relief.

The plaintiff names Commissioner Leo Arnone and Medical Administrator Virginia Turner as defendants. There is no mention of Commissioner Arnone or Administrator Turner in the body of the complaint. Thus, the plaintiff has not alleged that either defendant Arnone or defendant Turner has violated his federally or constitutionally protected rights. All claims against defendants Arnone and Turner are dismissed pursuant to 28 U.S.C. § 1915A(b)(1), as lacking an arguable legal or factual basis.

To the extent that plaintiff asserts section 1983 claims against defendants Feliciano, Immordino, Elderkin, Renee and Lisa in their official capacities, the claims for money damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985) (recognizing that the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (holding that section 1983 does not override a state's Eleventh Amendment immunity). The section 1983 claims for money damages against defendants Feliciano, Immordino, Elderkin, Renee and Lisa in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After consideration of the facts alleged in the complaint, the court concludes that the claims of deliberate indifference to

5

medical needs against Warden Jose Feliciano, Dr. Immordino, Dr. Elderkin and Nurses Renee and Lisa warrant service of the complaint and an opportunity for the plaintiff to address the defendants' response to the complaint.

## ORDERS

The court enters the following orders:

(1) The motions for default [**Docs. Nos. 4, 5**] are **DENIED** and the motion for preliminary injunction [**Doc. No. 2**] is **DENIED** as moot.

All claims against defendants Arnone and Turner are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The claims for money damages against the defendants Feliciano, Immordino, Elderkin, Renee and Lisa in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The deliberate indifference claims shall proceed against defendants Feliciano, Immordino, Elderkin, Renee and Lisa in their individual capacities and in their official capacities to the extent that the plaintiff seeks declaratory relief.

(2) Because the plaintiff has paid the filing fee to commence this action, he is responsible for effecting service of the complaint. **The plaintiff shall** serve the complaint and a copy of this ruling and order on each of the following defendants: Feliciano, Immordino, Elderkin, Renee and Lisa, in his or her individual capacity in accordance with Rule 4, Fed. R.

Civ. P., within **60 days** from the date of this order and file a return of service with the court within **70 days** from the date of this order. The plaintiff is cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3) **The Pro Se Prisoner Litigation Office shall send the plaintiff instructions on serving a complaint, a summons form and Notice of Lawsuit and Waiver of Service of Summons forms for each of the five defendants along with a copy of this order**.

(4) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **ninety (90)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the federal rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days

of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Hartford, Connecticut this 29TH day of AUGUST, 2012.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge